IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **K.D. and A.D.**<br><br>　　　　　　　　**Plaintiffs,**<br><br>vs.<br><br>**ANTHEM BLUE CROSS and BLUE SHIELD, GROUP HEALTH PLAN OF UNITED TECHNOLOGIES CORPORATION,**<br><br>　　　　　　　　**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:21-cv-343-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is before the court on Plaintiffs K.D. and A.D.'s Motion for Attorneys' Fees and Costs [ECF No. 66] pursuant to this court's Memorandum Decision and Order [ECF No. 61] and 29 U.S.C. § 1132(g)(1). The court does not believe that a hearing would significantly aid in its determination of this motion. The court, therefore, issues the following Memorandum Decision and Order based on the parties' submissions and the relevant facts and law.

## DISCUSSION

The court's Memorandum Decision and Order, dated September 20, 2023, remanded Plaintiffs' residential treatment and transitional living treatment claims to the plan administrator, found a Parity Act violation, and allowed Plaintiffs to move for reasonable attorney's fees. Under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(a), the court may, "in its discretion," allow "a reasonable attorney's fee and costs of action to either party." In *Hardt v. Reliance Standard Life Ins.*, 560 U.S. 242, 254 (2010), the Supreme Court clarified that there are limits to the court's discretion. The statute's language means that a litigant need not be the prevailing party to obtain an award of reasonable attorney fees but must have achieved "some degree of success on the merits." *Id.* at

252, 255.  A remand of the claim to the plan administrator and a Parity Act violation is sufficient success to justify an award of fees.

The Supreme Court has instructed that the "hybrid lodestar" method of determining the appropriate amount of attorney fees is the appropriate method to employ in ERISA cases. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   The hybrid lodestar method the court to multiply the "number of hours reasonably expended on the litigation by a reasonable hourly rate."  *Id.*   The court then reviews the billing records and excludes any amounts it determines are "excessive, redundant, or otherwise unnecessary."  *Id.* at 434.

**1.  Hourly Rate**

Mr. King asks the court to use his national rate of $600 per hour, and Mr. Hall seeks a $325 hourly rate.   Defendants contend that Plaintiffs' attorneys' hourly rates are excessive and unreasonable.   The party seeking attorney fees bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

Although Mr. King continues to seek his national rate, this District has consistently determined that the application of a local rate is appropriate in ERISA cases.  *D.K. v. United Behav. Health*, No. 2:17-cv-1328-DAK, 2021 WL 4060937, at *3 (D. Utah Sept. 7, 2021); *M.D. v. Anthem Health Plans of Ky.*, No. 2:17-cv-678-JNP-CMR, 2020 WL 1369410, at *2 (D. Utah Mar. 23, 2020).   Mr. King's local market rate was consistently set at $450 per hour in the 2021 time frame.   The court, however, agrees with the recent decision in *Theo M. v. Beacon Health Options*, No. 2:19-cv-364-JNP, 2023 WL 4826771, at *6 (D. Utah July 27, 2023), that the cost of living in Utah has increased since 2021 and given the economic developments in the local market since that

time, a $500 per hour rate is now appropriate for Mr. King's skill and experience level in an ERISA case in the Salt Lake City legal market.   Mr. Hall was previously awarded a $250 hourly rate in several cases in this District.   But he has gained three years of experience since those prior cases and with that increased experience and skill working on ERISA cases, the court finds that an hourly rate of $300 is appropriate for Mr. Hall.[1]

2.  **Number of Hours**

Defendants object to 5.7 hours of Mr. King's time because it is hours billed prior to drafting the Complaint.   Mr. King states that these hours were inadvertently included and agrees that his hours should be reduced by this amount. Defendants assert no other arguments as to the reasonableness of the hours billed.

3.  **Lodestar Amount**

Based on the above analysis, the court finds that the appropriate lodestar amounts are:

Brian King—63 hours at $500 per hour = $31,500

Sam Hall—33.6 hours at $300 per hour = $10,080

Therefore, the court awards Plaintiffs attorney fees in the amount of $41,580.

4.  **Costs**

28 U.S.C. §§ 1920 and 1924 allow Plaintiffs to recover the $400 filing fee as costs in this case.   The court, therefore, awards Plaintiffs $400 in costs.

## CONCLUSION

Based on the above reasoning, Plaintiffs K.D. and A.D.'s Motion for Attorneys' Fees and Costs [ECF No. 66] is GRANTED IN PART AND DENIED IN PART.   The court awards

---

[1] Defendants ask the court to deny all fees because Plaintiffs' attorneys did not attach affidavits from other attorneys in this market.   The court, however, handles numerous ERISA cases and has a long history of setting Mr. King's rates.   The court can rely on these prior cases as support for its determination.

Plaintiffs $41,580 in attorney fees and $400 in costs. Having determined the attorney fees issue, the court will administratively close this case pending the conclusion of the remand process.

DATED this 28th day of February 2024.

BY THE COURT:

DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE